IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FABIOLA GUARDADO DAVILA, § <br> MERCEDES GARZA GARCIA, § <br> SAN JUANA QUEZADA GARZA, § <br> CIPRIANO SAUCEDO LOPEZ, § <br> JOSE MONTEJANO ORTIZ, § <br> BLANCA VALDEZ, § <br> CLAUDIA VASQUEZ, AND § <br> JOSE LORENZO GARCIA VASQUEZ § <br> § <br> VS. § <br> § <br> JIMMY NILES GRINER, § <br> G&P TRUCK LINES INC., § <br> HECTOR GONZALEZ QUINTANILLA, § <br> AND AUTOBUSES REGIOMONTANOS § <br> INTERNACIONALES § | CASE NO. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, FABIOLA GUARDADO DAVILA, MERCEDES GARZA GARCIA, SAN JUANA QUEZADA GARZA, CIPRIANO SAUCEDO LOPEZ, JOSE MONTEJANO ORTIZ, BLANCA VALDEZ, CLAUDIA VASQUEZ, AND JOSE LORENZO GARCIA VASQUEZ, hereinafter called Plaintiff, complaining of JIMMY NILES GRINER, G&P TRUCK LINES INC., HECTOR GONZALEZ QUINTANILLA, AND AUTOBUSES REGIOMONTANOS INTERNACIONALES, hereinafter referred to as Defendants, and for cause of action show unto the Court the following:

1.  Plaintiffs are residents of Texas, Illinois, Missouri, and Mexico.

2. Defendant JIMMY NILES GRINER (hereinafter referred to as "GRINER"), an individual who is a non-resident of Texas, whose home address is 219 West Park, Pittsburg, Kansas 66762, may be served with process by serving the Chairman of the Texas Transportation Commission at 125 East 11th Street, Austin, Travis County, Texas 78701, as Defendant's agent for service because Defendant has engaged in business in Texas but has not designated or maintained a resident agent for service of process in Texas.

3. Defendant G&P TRUCK LINES INC. (hereinafter referred to as "G&P"), a foreign corporation organized and existing under the laws of the State of Missouri, whose home office address is 2520 West College Road, Springfield, Missouri 65802 may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Travis County, Texas 78701 as its agent for service because Defendant engages in business in Texas but does not maintain a regular place of business in this state or a designated agent for service of process.

4. Defendant HECTOR GONZALEZ QUINTANILLA (hereinafter referred to as "QUINTANILLA") is a resident of Mexico. Service is being initiated at this time.

5. Defendant AUTOBUSES REGIOMONTANOS INTERNACIONALES (hereinafter referred to as "AUTOBUSES") engages in business in the State of Texas but does not maintain a designated agent for service of process. Service may be had by serving any officer of the company at their business address of 1545 Irving Boulevard, Irving, Dallas County, Texas 75061.

6. To the extent that the above-named company Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28, Texas Rules of Civil Procedure, and Plaintiff hereby demands that upon answering this suit, that they answer in their correct legal name and assumed name.

7. This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332(a), in that there exists complete diversity of citizenship between Plaintiffs and Defendants herein, and the amount in controversy vastly exceeds the sum of $75,000.00, exclusive of interest and costs.

8. On or about August 14, 2014, Plaintiffs were passengers aboard a bus traveling on US-69 near County Road 540 in Mayes County, Oklahoma. As required by law, the bus, driven by Defendant QUINTANILLA, being then and there in the course and scope of his employment with Defendant AUTOBUSES, stopped at a railroad crossing, where it was struck from behind by the 18-wheeler driven by Defendant GRINER, while in the course and scope of his employment with Defendant G&P. This collision caused Plaintiffs to suffer permanent and painful bodily injuries.

9. Defendant GRINER committed actions of omission and commission which, collectively and severally, constituted negligence and which were proximate causes of the injuries suffered by Plaintiffs. Defendant GRINER had a duty to exercise a high degree of care and breached that duty in at least one or more of the following ways:

(a) In that Defendant GRINER operated the vehicle which he was driving in a careless and reckless manner, in violation of Statute 545.401 of the Texas Transportation Code;

(b) In that Defendant GRINER failed to keep a proper lookout for other vehicles at the time of and on the occasion made the basis of this suit, in violation of Statute 545.060 of the Texas Transportation Code;

(c) In that Defendant GRINER failed to keep the vehicle which he was driving under reasonable and proper control, in violation of Statute 545.060 of the Texas Transportation Code;

(d) In that Defendant GRINER failed to reduce the speed of the vehicle which he was driving immediately prior to the aforesaid collision to a rate of speed that would be reasonable and prudent under the same or similar circumstances, in violation of Statute 545.351 of the Texas Transportation Code;

(e) In that Defendant GRINER failed to keep an assured clear distance, in violation of Texas Law; and

(f) In more particularity to be shown at the time of trial.

Each and all of the above and foregoing acts, both of omission and commission, were negligent and constituted negligence and were each and all a proximate cause of the occurrence in question.

10. Further, Defendant G&P is legally responsible to Plaintiffs for the negligent conduct of Defendant GRINER, under the legal doctrines of respondeat superior, agency and/or ostensible agency, because Defendant GRINER was at all times material hereto an agent, ostensible agent, servant, and/or employee of Defendant G&P and was acting within the course and scope of his employment. Further, the truck being operated by Defendant GRINER was owned, maintained and/or operated by Defendant G&P, and said Defendant is responsible to Plaintiffs for their damages for any negligent maintenance of the vehicle or supervision of Defendant GRINER which was a proximate cause of the occurrence in question.

11. Defendant QUINTANILLA committed actions of omission and commission which, collectively and severally, constituted negligence and which were proximate causes of the injuries suffered by Plaintiffs. Defendant QUINTANILLA had a duty to exercise a high degree of care and breached that duty in at least one or more of the following ways:

(a) In failing to take reasonable evasive action;

(b) In failing to property enact safety/hazard lights; and

(c) In more particularity to be shown at the time of trial.

Each and all of the above and foregoing acts, both of omission and commission, were negligent and constituted negligence and were each and all a proximate cause of the occurrence in question.

12.  Further, Defendant AUTOBUSES is legally responsible to Plaintiffs for the negligent conduct of Defendant QUINTANILLA, under the legal doctrines of respondeat superior, agency and/or ostensible agency, because Defendant QUINTANILLA was at all times material hereto an agent, ostensible agent, servant, and/or employee of Defendant AUTOBUSES and was acting within the course and scope of his employment. Additionally, Defendant AUTOBUSES failed to properly educate and supervise its driver, Defendant QUINTANILLA. Further, the bus being operated by Defendant QUINTANILLA was owned, maintained and/or operated by Defendant AUTOBUSES, and said Defendant is responsible to Plaintiffs for their damages for any negligent maintenance of the vehicle or supervision of Defendant QUINTANILLA which was a proximate cause of the occurrence in question.

13.  As a result of the conduct of Defendants, and each of them, Plaintiff have been damaged. Plaintiffs sustained bodily injuries, and have suffered some or all of the legal elements of damages recognized by law, including physical pain, mental anguish, physical impairment, disfigurement, loss of earnings or earning capacity, have incurred reasonable and necessary medical bills and expenses and will, in all reasonable probability, continue to suffer some or all of said legal elements of damages in the future. Accordingly, Plaintiffs, for each of their foregoing legal elements of damages, maintain this suit against Defendants, and each of them, for a just and reasonable sum within the jurisdictional limits of the Court, said sum to be determined under the sound discretion of the trier of fact, plus pre-judgment interest thereon as authorized by law.

14. Plaintiffs respectfully assert the request to be allowed to have the elements of damages considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiffs for the injuries, losses and damages incurred, and to be incurred, and that each element of Plaintiffs' respective damages be considered separately and individually, segregating the past and future losses, so that pre-judgement interest due Plaintiffs may be computed.

15. Plaintiffs reserve the right to supplement and/or amend this pleading as discovery progresses.

16. **WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that the Defendants be cited in terms of law to appear and answer herein and that upon final trial hereof they have judgment against the Defendants, jointly and severally, for their actual damages in a sum within the jurisdictional limits of the Court; that they recover their costs of court herein expended; that they recover pre-judgment and post-judgment interest to which they are entitled by law; and for such other and further relief, both general and special, in law and in equity, to which they may show themselves to be justly entitled and for which they will ever pray.

Respectfully submitted,

MATTHEWS & FORESTER

_____
CHAD MATTHEWS
TSB # 00787980
cmatthews@matforlaw.com
3027 Marina Bay Drive, Suite 320
League City, Texas 77573
(281) 535-3000
(281) 535-3010 (FAX)
ATTORNEYS FOR PLAINTIFFS